**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

**NO. 3:19-CV-348-CHB**

**JASON COMPTON**                                                                                      **PLAINTIFF**

**v.**             **MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**(electronically filed)**

**LOUISVILLE METROPOLITAN GOVERNMENT,** *et al.*               **DEFENDANTS**

* * * * * * *

Come Defendants, by counsel, and move this Court to dismiss the claims against them. As grounds for this Motion, Defendants state as follows:

### Introduction

Plaintiff filed a Complaint against Metro Government and Officer Raymond Wonka. With respect to Officer Wonka, Plaintiff raised wrongful arrest and unlawful imprisonment as well as assault and battery claims. With respect to Metro Government, Plaintiff raised claims of negligent hiring and retention. Plaintiff is also seeking punitive damages. Plaintiff's claims stem from his arrest on May 8, 2018 after Officer Wonka pulled over Plaintiff's wife during a routine traffic stop for expired registration. Plaintiff's wife did not pull over on the roadway, and instead drove home where Officer Wonka proceeded to investigate the traffic violation of her driving a vehicle with expired tags and no insurance. During the course of his investigation, Plaintiff came out of the residence. Officer Wonka asked Plaintiff to step away. After Plaintiff failed to comply with the request, he was charged with obstructing governmental operations. Plaintiff's underlying criminal action has not been resolved. A trial is currently scheduled for October 16, 2019.

**Argument**

**I. Plaintiff's Claims Against Officer Wonka Must be Dismissed**

    **a. Plaintiff's Claims Against Officer Wonka are not Ripe for Review**

Jurisdiction may not be exercised by the district court unless the case is ripe for review. *Dixie Fuel Company v. Commissioner of Social Security*, 171 F.3d 1052, 1057 (6th Cir. 1999), *overruled on other grounds*. "The ripeness doctrine exists to ensure that courts decide 'only existing, substantial controversies, not hypothetical questions or possibilities.'" *Id*., quoting *City Communications, Inc. v. City of Detroit*, 888 F.2d 1081, 1089 (6th Cir. 1989). Plaintiff's claims against Officer Wonka are not ripe for review. Clearly, if he is found guilty there could be no claim for wrongful arrest or unlawful imprisonment. Plaintiff pled no facts to support the claims of assault and battery. To the extent that an alleged wrongful arrest could provide grounds for an assault and battery claim, there will be no grounds for these claims if Plaintiff is found guilty at his criminal trial.

Simply put, if Plaintiff is found guilty, he has no claims against Officer Wonka. Plaintiff's claims against Officer Wonka are purely hypothetical questions or possibilities and consequently are not ripe for this Court's review. To the extent that Plaintiff's claim for punitive damages is raised against Officer Wonka, no such determination could be made until after his criminal trial has resolved as this claim is also based on hypothetical questions or possibilities. Therefore, Officer Wonka respectfully requests that this Court dismiss the claims against him for lack of jurisdiction due to the claims not being ripe.

    **b. Plaintiff Failed to State a Claim for Relief Against Officer Wonka for Assault and Battery**

Regardless of ripeness, Plaintiff's claims against Officer Wonka for assault and battery fails and should be wholly dismissed with prejudice. Although it is required that a Court accept

the factual allegations raised in a Complaint as true for purposes of a motion to dismiss, it is also true that, "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It is insufficient that the Complaint contain only "labels and conclusions, and a formulaic recitation of a cause of action's elements." *Id*. When considering a motion to dismiss, the Court is not required to accept, "conclusory legal allegations that do not include *specific* facts necessary to establish the cause of action." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) (emphasis added). "The Plaintiff's Complaint instead 'must contain either direct or inferential allegations with respect to all material elements necessary to sustain recovery under some viable legal theory.'" *Id*., quoting *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir. 2007).

Assault is an attempt at causing "corporal harm" to another by striking at that person while battery is any unlawful touching of another. *Sigler v. Ralph*, 417 S.W. 2d 239, 241 (Ky. App. 1967). In order to prove assault, there must be evidence of the threat of an unwanted touching, and in order to prove battery there must be evidence of an actual unwanted touching. *Banks v. Fritsch*, 39 S.W. 3d 474, 480 (Ky. App. 2001). It is the Court's duty to determine whether the facts in a specific case constitute assault. *Freeman v. D.C. Logan*, 475 S.W.2d 636, 639 (Ky. App. 1972). The Complaint filed herein fails to allege any actions by Officer Wonka that constitute either assault or battery. As a result. these claims should be dismissed with prejudice.

**II.      Plaintiff's Claims Against Metro Government Must be Dismissed**

      **a.  Metro Government is Entitled to Sovereign Immunity**

State entities possess Eleventh Amendment immunity and, absent a waiver of this immunity, cannot be sued under §1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66

(1989). Louisville Metro Government is a subdivision of the Commonwealth of Kentucky. KRS 67C.10 (2)(e). *Jewish Hosp. Healthcare Services v. Louisville/Jefferson County Metro Government*, 270 S.W.3d 904 (Ky. App. 2008). As a subdivision of the State, Louisville Metro Government and its employees sued in their official capacities are entitled to the same Eleventh Amendment immunity protection from federal claims. See *Will v. Mich. Dep't of State, supra*, 491 U.S. at 71; *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001). Therefore, the claims raised against Metro Government should be dismissed.

### b. Plaintiff has Failed to State a Claim for Relief Against Metro Government

A complaint should be dismissed for failing to state a claim upon which relief can be granted when it appears beyond doubt the complaint sets forth no set of facts, which if proved, would entitle the plaintiff to relief. Federal Rule of Civil Procedure 12(b)(6). In deciding whether to dismiss a complaint for failing to state a claim for which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Ley v. Visteon Corp.*, 540 F.3d 376, 380 (6th Cir. 2008); *Lillard* v. *Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir.1996). While the court is required to accept all factual allegations as true, it is not required to accept legal conclusions. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Plaintiff alleged that Metro Government, "has failed to adequately hire, train, and supervise its police officers, including Defendant Wonka, as to the proper use of probable cause, force, and arrest towards the citizens of the Commonwealth of Kentucky." *See Complaint, paragraph 22*. The Court is not required "to accept as true a legal conclusion couched as a factual allegation." *Ashcroft*, 129 S.Ct. at 1950. "While legal conclusions can provide the framework of a complaint,

4

they must be supported by factual allegations." *Id*. Plaintiff pled no facts whatsoever related to Metro Government's training, hiring, or supervision of officers in general or of Officer Wonka specifically. Consequently, he has failed to state a claim against Metro Government.

Plaintiff raised his negligent hiring and retention claims pursuant to §1983. When a §1983 claim is made against a municipality such as Metro Government, this court must analyze two distinct elements: (1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether Metro Government is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality can be held liable under §1983 only when the municipality itself is responsible for the constitutional violation. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 379 (1989). There is no *respondeat superior* or vicarious liability under §1983. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978). It is only those cases where "a custom, policy or practice attributable to the municipality was the 'moving force' behind the violation of the plaintiff's constitutional rights" that municipal liability attaches. *Heyerman v. County of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012).

"Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Board of the County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403-404 (1997). To hold Metro Government accountable, therefore, Plaintiff must demonstrate that his Constitutional rights were violated and that an official policy or custom caused his constitutional rights to be violated. *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Additionally, Plaintiff must prove that the policy or custom was the "moving force" behind the constitutional violation. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). In short, he must "identify the policy, connect

the policy to [Metro Government] itself, and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987).

Plaintiff pled no facts to establish that he suffered a constitutional violation pursuant to a policy, custom or practice of Metro Government. Here, Plaintiff did no more than recite the elements of a §1983 claim against a municipality while pleading no facts to support his claim. Plaintiff did not even attempt to establish that a custom, policy, or practice exists within Metro Government. The adequacy, or inadequacy, of a police training program can be the basis for §1983 liability "only where the failure to train amounts to a deliberate indifference to the rights of persons with whom the police come into contact." *Canton v. Harris*, 489 U.S. 378, 388-89 (1989). To be a "policy" of deliberate indifference with respect to training, there must be "proof that the policymakers deliberately chose a training program which would prove inadequate." *Oklahoma City v. Tuttle,* 471 U.S. 808, 823 (1985). Plaintiff also failed to plead any facts to indicate that Metro Government chose an inadequate training program. Because Plaintiff failed to plead any facts to establish that Metro Government is in any way responsible for an alleged constitutional violation or that Metro Government acted deliberately indifferent, his claims against Metro Government must be dismissed.

### III.   Punitive Damages

Municipalities are immune from punitive damages in §1983 claims. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 248 (1981). As such, Plaintiffs are not entitled to an award of punitive damages against Metro Government with respect to the §1983 claims. Metro Government is similarly protected from punitive damages with respect to state law claims.

> Under the "general rule," "[p]unitive damages may not be recovered against such *governmental entities* as municipal corporations, school districts, cities, counties,

> or the state and its political subdivisions." 57 Am.Jur.2d, *Municipal, County, School, and State Tort Liability,* § 648 (2002) (emphasis added). This rule is founded on public policy: Because the burden of a punitive damages award against a municipality ultimately falls on the taxpayers, and thus will fail to deter future harmful activity by the municipality itself, punitive damages are not usually recoverable against a municipality. Similarly, punitive damages may not be awarded against a county because taxpaying citizens would be punished for the acts of public officials.

*Phelps v. Louisville Water Co.*, 103 S.W.3d 46, 58 (Ky. 2003). Clearly, the punitive damages claim against Metro Government must be dismissed.

### IV. Plaintiff's Allegations of Violations of the 14th Amendment do not State a Claim

In the Complaint, Plaintiff generally asserted that the Defendants violated his Fourteenth Amendment rights within his wrongful arrest and unlawful imprisonment claim. *See Complaint, Paragraph 15*. Plaintiff's claims under the Fourteenth Amendment are without merit. As a matter of law, unlawful search and seizure challenges are properly analyzed under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989). As Plaintiff specifies in his wrongful arrest and unlawful imprisonment claim that he believes Officer Wonka's behavior amounted to an unreasonable search and seizure, the proper analysis is clearly under the Fourth, rather than the Fourteenth Amendment. Plaintiff's claims brought under the Fourteenth Amendment to the United States Constitution must be dismissed.

### V. Plaintiff's Allegations of Violations of the Kentucky Constitution do not State a Claim

Within his wrongful arrest and unlawful imprisonment claim, Plaintiff alleged that Officer Wonka violated his rights under the Kentucky Constitution. *See Complaint, Paragraph 15*. Kentucky does not recognize a claim under the Kentucky Constitution. The Kentucky Supreme Court has specifically declined to "exercise judicial authority" and "create a new tort cause of action in Kentucky to provide money damages for constitutional violations." *St. Luke Hosp., Inc.*

*v. Straub*, 354 S.W.3d 529, 536-37 (Ky. 2011). The Court specifically concluded that "adequate alternative remedies exist." *Id*. In *Straub*, the Court noted that the fact that the Plaintiff identified four alternative theories of recovery against the defendants was evidence of the existence of adequate alternative remedies. Here, Plaintiff alleged wrongful arrest and unlawful imprisonment, inclusive of a §1983 claim for unreasonable search and seizure under the Fourth Amendment as well as the Kentucky Constitution. Plaintiff has alternate theories of recovery available to him as did the Plaintiff in *Straub*. Accordingly, the claims sought under the Kentucky Constitution must be dismissed.

## Conclusion

For the reasons set forth above, Defendants request that Plaintiff's Complaint be dismissed in its entirety with prejudice.

Respectfully submitted,

MICHAEL J. O'CONNELL
JEFFERSON COUNTY ATTORNEY


/s/ *Susan K. Rivera*
SUSAN K. RIVERA
Assistant Jefferson County Attorney
531 Court Place, Suite 900
Louisville, Kentucky 40202
Phone (502) 574-3076
Fax (502) 574-4215
Susan.rivera@louisvilleky.gov
*Counsel for Defendants*

8

## **CERTIFICATE OF SERVICE**

It is hereby certified that on July 29, 2019, the foregoing was electronically filed with the clerk of the court by using the ECF system which will send an electronic copy to all counsel of record.

/s/ *Susan K. Rivera*
Susan K. Rivera