UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JASON COMPTON,             )
                                  )
      Plaintiff,            )        Civil Action No. 3:19CV-348-CHB
                                    )
v.                           )
                                  )
LOUISVILLE METROPOLITAN   )        **SCHEDULING ORDER**
GOVERNMENT, et al.        )
                                  )
      Defendant.

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court held a telephonic scheduling conference on September 15, 2021.   Susan K. Rivera participated on behalf of the defendants.  Counsel for the plaintiff did not call into the conference line and therefore did not participate in the conference.

Pursuant to Federal Rule of Civil Procedure 16, and after consideration of the Parties' Rule 26(f) Joint Report ([R. 25]), the Court adopts the following schedule for disposition of this case:

1.  The following deadlines and conditions shall be observed in this action:

    (a)  Initial disclosures pursuant to Rule 26(a)(1):  **October 1, 2021**

    (b)  The parties shall complete discovery as follows:

        (i)  The parties shall complete all fact discovery no later than **April 1, 2022**; and

        (ii)  The parties shall complete all expert discovery no later than **October 1, 2022**;

    (All discovery requests shall be served in a manner calculated for response compliant with the deadline);

1

(c) Supplementation under Rule 26(e) shall be due within thirty (30) days of the discovery of new information, but in any event no later than forty-five (45) days prior to the close of discovery.  Supplemental disclosures and responses need not be filed in the Court record;

(d) Any motions to amend pleadings or join additional parties by Plaintiff shall be filed by **December 13, 2021**.  Any motions to amend the pleadings or join additional parties by Defendant shall be filed by **January 13, 2022**.

(e) The parties shall disclose the identity of expert witnesses who may be used at trial and written reports by the experts as required by Rule 26(a)(2)(B), and/or written summaries consistent with Rule 26(a)(2)(C), as follows:

   (i)  from Plaintiff no later than **June 1, 2022**; and

   (ii) from Defendant no later than **August 1, 2022**;

At the time the expert reports and any supplementation of the reports are exchanged, at least two proposed dates for the deposition of each expert witness within the following thirty (30) days shall be provided.  These disclosures need not be filed in the Court record;

(f) All dispositive motions, and any motions objecting to the admissibility of expert witness testimony under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), shall be filed no later than **December 1, 2022,** with response and reply time as per Local Rule 7.1(c)(1) and (2).  No extensions of time may be granted by the United States Magistrate Judge or by agreement of the parties.

2

Applications for extensions of time will be granted by the trial judge only upon good cause shown.

2. By virtue of the December 1, 2000 amendment of Fed. R. Civ. P. 5(d), the parties shall observe the following directives regarding the filing of discovery materials in this case unless the Court otherwise specifically so orders:

(a) Rule 26(a)(1) Initial Disclosures, Interrogatories and Answers or other responses thereto, Requests for Production of Documents and Answers or other responses thereto, Requests for Admission and Answers thereto, and any documents or tangible things produced pursuant to such discovery requests, as well as any discovery depositions not subject to part (b) below, shall <u>not</u> be filed; and

(b) The portions of any discovery depositions cited in any motion, including motions for summary judgment, or which may be used at trial for impeachment or other purposes, and any other discovery materials necessary to the decision of any motion filed herein <u>shall</u> be filed of record in this case.

3. <u>Joint Status Report and Status Conference.</u>  By no later than **March 3, 2022**, the parties **shall** file a joint status report with the Court that includes the progress of the case to date, the status of settlement negotiations, the parties' positions regarding the feasibility of resolution by mediation or settlement, and, alternatively, whether a pretrial conference and trial date should be set.  A telephonic status conference is scheduled for **<u>March 10, 2022, at 10:00 a.m.</u>** before Colin H. Lindsay, United States Magistrate Judge.  Counsel shall connect to the conference by dialing 1-888-808-6929, access code 273744. Counsel who participate on behalf of any party shall be fully prepared to discuss all

aspects of the case and shall be empowered to bind all counsel for that party with respect to dates agreed upon or ordered.

4. <u>Discovery Disputes</u>. Discovery disputes shall be resolved in the following manner:

   (a) The parties shall first confer (which means orally discuss the issue) in an attempt to resolve disputes between themselves, without judicial intervention.

   (b) If the parties are unable to resolve a dispute informally, they shall request a telephone conference with the Court.  Motions pertaining to unresolved discovery disputes may not be filed without first holding such a conference.  Counsel shall contact the undersigned's Case Manager Theresa Burch to schedule such a conference. Counsel shall email Ms. Burch at theresa_burch@kywd.uscourts.gov and copy all counsel of record.  Counsel shall include a short, non-argumentative statement regarding the general nature of the dispute (*e.g.* "Counsel would like to discuss the sufficiency of plaintiff's/defendant's responses to written discovery") but shall refrain from including substantive legal arguments or lengthy recitations of the facts underlying the dispute.

   (c) If, and only if, a dispute continues after a conference with the Court, a complaining party may file an appropriate written motion directed to the undersigned.  Any written motion regarding discovery shall include a certification detailing counsel's attempts to resolve the dispute as required by Rule 37(a)(1) and Local Rule 37.1. The Court may impose an appropriate briefing schedule to resolve any such formal motion.

   (d) The Court expects parties to raise and address discovery disputes in a manner that avoids potential disruption of the schedule in the case.

5. <u>Modification of Schedule</u>.  Modification of this schedule is <u>unlikely</u> and will occur only for good cause outside of moving counsel's control, demonstrated by the movant and supported with credible and reasonable justification.

6. <u>COVID-19</u>.    The Parties are advised that this action is not stayed, and even in light of COVID-19, the Court directs the Parties to keep this action moving forward.  Counsel should consider and plan ahead for any logistical difficulties that will result from themselves, their support staff, or their clients working from home.  The Court encourages the Parties to be flexible with each other as necessary to respond to these difficulties.  As to depositions, the Parties are directed to utilize video conferencing and/or other means to take remote depositions.  However, nothing in this order should be construed as a requirement—or even encouragement—for any deponent, party representative, or attorney to be present in person with each other or to otherwise violate the current guidance regarding the importance and need for social distancing or any other current health guidelines regarding COVID-19.

7. <u>Settlement Conference</u>.    The parties are also advised that though the undersigned is conducting settlement conferences primarily via Zoom at this time, the undersigned will consider requests to have an in-person settlement conference on a case-by-case basis. The undersigned also remains available to conduct *ex parte* calls regarding settlement upon request. Any party who wishes to request either a settlement conference or an *ex parte* call regarding settlement shall e-mail the undersigned's Case Manager, Theresa Burch, at theresa_burch@kywd.uscourts.gov, copying all counsel of record, to request the same.

September 22, 2021

Colin H Lindsay, Magistrate Judge
United States District Court

:10

5